ANNIE D. ROE, appellant,

*v.*

MAYOR AND ALDERMEN OF JERSEY CITY, respondent.

[Argued December 1st, 1911.   Decided March 4th, 1912.]

On appeal from a decree of the court of chancery.

*Annie D. Roe, pro se,* for the appellant.

*Mr. James J. Murphy,* for the respondent.

PER CURIAM.

In 1892 commissioners appointed under the Martin act for the city of Jersey City made a report adjusting the taxes upon certain property in that municipality, including the property of the complainant. The complainant's property was sold by Jersey

City, in 1895, for the non-payment of the taxes against it thus adjusted, and was bid in by the city. Eleven years thereafter, and in 1906, the complainant filed her bill of complaint in this cause, attacking the legality of the proceedings had by the commissioners under the Martin act and the sale of her property for the taxes adjusted by them, and sought to have the municipality restrained from attempting to take possession of her lands and premises by virtue of the sale had in 1895, or from the collection of the taxes which were adjusted by the Martin act commissioners, or from selling, assigning or transferring the certificate of sale, or any declaration of sale, or any deed or deeds which the municipality might have for her lands and premises. Upon final hearing her bill was dismissed, and this appeal is from the decree of dismissal.

The decree appealed from must be affirmed. The relief sought by the complainant is not one which a court of equity can grant. Assuming it to be true that the proceedings which she attacks were invalid, her sole remedy was to apply for a *certiorari* to the supreme court. This was the decision of this court in *Jersey City* v. *Lembeck, 31 N. J. Eq.* (*4 Stew.*) *255,* and the soundness of that decision has never been questioned since its rendition in 1879.

The fact that the complainant waited so long before applying to the courts as to be barred from relief by *certiorari* cannot operate to vest the court of chancery with jurisdiction to grant her the relief which she seeks. *Goodwin* v. *Millville, 75 N. J. Eq.* (*5 Buch.*) *270.*

*For affirmance*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, VOORHEES, KALISCH, BOGERT, VREDENBURGH, VROOM, CONGDON, WHITE—13.

*For reversal*—None.